IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIANA MCMULLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:14cv634-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**I.   INTRODUCTION**

Juliana McMullin ("Plaintiff") filed applications for disability insurance benefits and supplemental security income benefits. Her applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled from the alleged onset date of March 1, 2012, through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected her request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 7); Def.'s Consent to Jurisdiction (Doc. 8). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel* is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

3

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff, who was forty-seven years old on the alleged disability onset date, has at least a high school education. Tr. 30-31. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since March 1, 2012, the alleged onset date[.]" Tr. 23. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "obesity and fibromyalgia[.]" *Id.* At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 26. Next, the ALJ articulated Plaintiff's RFC as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except [Plaintiff] can sit for no more than forty-five minutes at a time and she requires the ability to stand and stretch for one to two minutes at a time. She cannot perform overhead reaching. [Plaintiff] should avoid unprotected heights and dangerous equipment. She cannot operate commercial vehicles. [Plaintiff] cannot climb ladders, ropes, or scaffolds. She can understand, remember, and carry out short, simple work instructions, as well as detailed work instructions. She should have only occasional contact with the public.

Tr. 27. After consulting the VE, the ALJ found at Step 4 that Plaintiff could perform her past relevant work as a graphic designer. Tr. 30. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 1, 2012, through the date of th[e] decision[.]" Tr. 32.

5

**IV.     PLAINTIFF'S CLAIMS**

Plaintiff presents the following issues for this court's consideration in review of the ALJ's decision: (1) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to properly consider the opinions of Dr. Beverly Jordan, [Plaintiff]'s treating physician, and apply the appropriate factors in her evaluation"; and (2) whether "[t]he Commissioner's decision should be reversed because the ALJ failed to find anxiety a severe impairment, in direct conflict with the prior reconsideration determination." Pl.'s Br. (Doc. 12) at 3.

**V.     DISCUSSION**

    **A.     Whether the ALJ properly considered the opinion of Plaintiff's treating physician**

Plaintiff argues that "the ALJ failed to accord substantial or controlling weight to the opinion of Dr. Beverly Jordan, [Plaintiff]'s treating physician, and alternatively failed to apply the appropriate factors directed by 20 C.F.R. § 404.1527(d)[5]." Pl.'s Br. (Doc. 12) at 3. Specifically, Plaintiff points to Dr. Jordan's opinion that Plaintiff has "greatly reduced exertional abilities, the propensity for excessive absenteeism, and distracting levels of pain as a result of [her] fibromyalgia," which Plaintiff asserts would be determinative in this case if it had been given the proper weight. Pl.'s Br. (Doc. 12) at 3.

---

[5] It appears that Plaintiff has inadvertently cited to § 404.1527(d), as the factors Plaintiff discusses are found in § 404.1527(c). Section 404.1527(d) addresses "Medical source opinions on issues reserved to the Commissioner."

6

In general, "[a]bsent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r, Soc. Sec. Admin.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exists 'when the (1) treating physician opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). If the ALJ disregards a treating physician's opinion, or affords it less than "substantial or considerable weight," the ALJ must "'clearly articulate [the] reasons' for doing so." *Id.* (quoting *Phillips*, 357 F.3d at 1240-41).

In addressing Dr. Jordan's opinion, the ALJ explained as follows:

Little weight is afforded to the opinion of [Plaintiff]'s treating physician. Her assessments were not consistent with the overall evidence, her own treatment records for [Plaintiff], or with [Plaintiff]'s daily activities. [Plaintiff]'s work activity and the tasks she performs are contrary to the assessments of Dr. Jordan. For example, [Plaintiff] saw Dr. Jordan in March 2012 and the "disabling" symptoms she describes in her assessments were not present. Later notes demonstrate increased subjective complaints by [Plaintiff] that appear to mirror the assessment done by Dr. Jordan, but the objective findings continue to be contrary to these assessments.

Further, pursuant to Social Security Ruling 96-5p, whether the claimant is disabled is an issue reserved to the Commissioner and again it is noted that the objective findings in Dr. Jordan's treatment notes are in sharp contrast to her opinions. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to

7

> satisfy their patients' requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

Tr. 29 (internal citations omitted). Thus, the ALJ articulated no less than four distinct bases for her rejection of Dr. Jordan's opinion, including that it is inconsistent with (1) the overall evidence in the record, (2) her own treatment records, (3) Plaintiff's daily activities, including her work activity and the tasks she performs, and (4) the objective medical findings. *Id.*

Plaintiff concedes that the ALJ properly explained that Dr. Jordan's opinion was not consistent with the overall evidence, her own treatment notes, or Plaintiff's activities of daily living when she assigned it little weight. Pl.'s Br. (Doc. 12) at 4-5. Yet, Plaintiff argues that 20 C.F.R. § 404.1527 "list[s] several factors that the ALJ is expected to consider when determining the amount of weight to give a treating physician's statements," including "the length of the treatment of the defendant, the nature of the examination, whether the opinion is supported by objective evidence, whether the decision is consistent with the record as a whole, and the specialization of the treating physician." Pl.'s Br. (Doc. 12) at 3 (citing 20 C.F.R. § 404.1527(d)). Plaintiff asserts that "the ALJ's analysis lacked specificity and did not address all of the factors, such as length of treatment, the nature of the examinations and the specialization of the physician." Pl.'s Br. (Doc. 12) at 5.

8

The court is not aware of, and Plaintiff has not pointed to, any legal authority establishing that the ALJ's failure to fully discuss each factor is error.  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [the] decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this court] to conclude that [the ALJ] considered [the] medical [opinion] as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).  Here, the ALJ's failure to discuss that Dr. Jordan specializes in family medicine or sports medicine, notably not rheumatology, and the exact length of the Plaintiff and Dr. Jordan's treatment relationship does not make the decision such a broad rejection as to disable this court from concluding that the ALJ considered the medical opinion as a whole.

Plaintiff also criticizes the ALJ for suggesting that Dr. Jordan's opinion should be given little weight based on Dr. Jordan's later notes that "'demonstrate increased subjective complaints by [Plaintiff] . . . [and] appear to mirror the assessment done by Dr. Jordan, but the objective findings continue to be contrary to these assessments.'"  Pl.'s Br. (Doc. 12) at 5 (citing Tr. 29).  Plaintiff asserts that this statement "fundamentally misunderstands the very nature of fibromyalgia itself," which often lacks objective findings.  Pl.'s Br. (Doc. 12) at 5.  Pointing to *Somogy v. Commissioner of Social Security*, 366 F. App'x 56, 63 (11th Cir. 2010), Plaintiff argues that the Eleventh Circuit has held that "[a] lack of objective findings standing alone [is] insufficient to justify [an]

9

ALJ's rejection of [a] physician's opinion." Pl.'s Br. (Doc. 12) at 5. However, here, as noted above, the ALJ did not discredit Dr. Jordan's opinion based on a lack of objective findings standing alone. Rather, the ALJ explained that aside from a lack of objective findings, Dr. Jordan's opinion was inconsistent with the overall evidence in the record, her own treatment records, and Plaintiff's daily activities. Tr. 29.

In sum, the ALJ's decision is supported by substantial evidence in the record, and Plaintiff has not shown that the ALJ lacked good cause in discounting the opinion of Dr. Jordan.

### B. Whether the ALJ erred by not finding anxiety to be a severe impairment

Plaintiff's second claim is that "the ALJ failed to find anxiety a severe impairment," and did not "explain why her determination conflicted with that of the State Agency medical consultant Linda Duke, Ph.D." Pl.'s Br. (Doc. 12) at 6. Plaintiff argues that Dr. Duke assessed Plaintiff and reported anxiety and affective disorders as severe impairments, but that "the ALJ never mentions Dr. Duke['s] opinion in her decision and further fails to find anxiety or other affective disorders 'severe.'" *Id.* at 7. Plaintiff asserts that the ALJ "ignored" the only mental assessments in the file "without citing any particular reasons why." *Id.* at 8.

Indeed, the ALJ did discuss why Plaintiff's anxiety was not determined to be a severe impairment. Specifically, the ALJ noted that "[w]hile the record documents complaints of, or references to, plantar faciitis, thyroid, asthma, depression, and anxiety,

10

no functional limitations are established in conjunction with these conditions." Tr. 24. The ALJ explained, "[Plaintiff]'s medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff]'s ability to perform basic mental work activities and are therefore non-severe." Tr. 24.

Plaintiff faults the ALJ for not specifically discussing the opinion of Dr. Duke, a psychological consultative examiner who listed Plaintiff's anxiety disorder as a severe impairment. Pl.'s Br. (Doc. 12) at 8; *see also* Tr. 75. However, Dr. Duke also found that Plaintiff's mental impairments caused no more than mild restrictions on her activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence or pace, and that Plaintiff had not suffered from any repeated episodes of decompensation. Tr. 75. Considering all of Plaintiff's medical conditions in combination, Dr. Duke ultimately determined that Plaintiff was not disabled. Tr. 80.

At bottom, the record indicates that the ALJ recognized and considered the evidence concerning Plaintiff's anxiety or other mental conditions, as well as Plaintiff's testimony about the limiting effects of the conditions. As set forth in the ALJ's decision, the ALJ simply did not agree that the conditions cause any limitation to Plaintiff's ability to work beyond the RFC articulated by the ALJ.

11

Moreover, because Plaintiff points to no evidence in the record establishing that Plaintiff's anxiety would limit her beyond the restrictions set forth in the RFC, the ALJ's failure to find anxiety to be a severe impairment despite Dr. Duke's opinion that it was is, at best, harmless error. *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 842 (11th Cir. 2014) ("[A]ny error that the ALJ made in failing to find that [a claimant's other condition] was [also] a severe impairment was harmless [when the ALJ determined that Step Two was satisfied.]"); *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) ("As the record shows, the ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied. Indeed, since the ALJ proceeded beyond step two, any error in failing to find that [a claimant] suffers from . . . additional severe impairments . . . would be rendered harmless."); *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) ("Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination."). The ALJ sufficiently discharged her duty in reviewing the medical evidence and determining whether and how Plaintiff's impairments affect her ability to work. Substantial evidence supports the ALJ's decision that Plaintiff was not under a disability during the relevant time period.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

Done this 10th day of June, 2015.

>                   /s/ Wallace Capel, Jr.
>                   WALLACE CAPEL, JR.
>                   UNITED STATES MAGISTRATE JUDGE